OPINION
{¶ 1} On April 12, 2002, appellants, Clancy Daugherty and Marilyn Russell, filed a complaint against appellee, Donald Dutiel, their former landlord, for damages as a result of a failed land contract deal between the parties. Because appellee failed to answer, the trial court granted default judgment to appellants on the issue of liability. The parties agreed to mediate the damages issue. On November 6, 2002, the trial court dismissed the complaint based upon the fact that appellants did not appear for mediation.
 {¶ 2} On November 25, 2002, appellants filed a motion to vacate. By entry filed December 4, 2002, said motion was denied.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred by dismissing appellants' suit without notification or complying first with rule 41, thereby depriving appellant of due process and violating Civil Rule 41."
 I {¶ 5} Appellants claim the trial court erred in dismissing their case without notice. We agree.
 {¶ 6} Civ.R. 41(B) governs involuntary dismissals and states "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 7} In this case, the trial court dismissed appellants' complaint for failure to appear for mediation "on the time given by the court." See, Dismissal Entry filed November 6, 2002.
 {¶ 8} On August 28, 2002, the trial court issued an order for mediation, instructing the parties to participate in mediation at Main Street Mediation. On September 17, 2002, the director from Main Street Mediation informed the trial court via letter that "neither of the parties in the above referenced case have contacted my office to schedule a mediation session." As a result, on September 23, 2002, the trial court issued a court order stating "[b]oth the plaintiff and defendants is (sic) ordered to contact Main Street Mediation within 10 days from the time stamped date of this order. If neither party attends the date set by the Mediator this case will be dismissed."
 {¶ 9} No date was ever set by the mediator, but the file indicates appellants did not contact Main Street Mediation within the ten days as provided in the September 23, 2002 order. See, October 23, 2002 Letter from Director of Main Street Mediation filed October 30, 2002.
 {¶ 10} Although it is evident appellants were dilatory and did not follow the trial court's order, the condition precedent to an involuntary dismissal was not the failure to contact Main Street Mediation, but the failure to attend a mediation date. From our review of the record, no mediation date was set. Upon review, we find the trial court erred in dismissing appellants' complaint.
 {¶ 11} The sole assignment of error is granted.
 {¶ 12} The judgment of the County Court of Perry County, Ohio is hereby reversed and remanded.
By Farmer, J., Gwin, P.J. and Wise, J. concur.